## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

### CASE NO:

NICHOLE THOMAS,

      Plaintiff,

      v.

GEORGE S. TELLAM D.P.M. d/b/a
ANKLE & FOOT ASSOCIATES,

      Defendant.

_____/

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, NICHOLE THOMAS ("Plaintiff"), pursuant to 29 U.S.C. § 216(b), files her Complaint for Damages and Demand for Jury Trial against Defendant, GEORGE S. TELLAM D.P.M. d/b/a ANKLE & FOOT ASSOCIATES ("AFA" or "Defendant"), and alleges as follows:

### INTRODUCTION

1.      Defendant has unlawfully deprived Plaintiff of overtime compensation during the course of her employment.  This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201-216, to recover all unpaid wages.

### PARTIES

2.      During all times material hereto, Plaintiff was a resident of Duval County, Florida, over the age of 18 years, and otherwise *sui juris.*

3.      During all times material hereto, Defendant, AFA, was a Florida medical office owned and operated by George Tellam D.P.M., located and transacting business within Duval

County, Florida, within the jurisdiction of this Honorable Court.  AFA operates its principal location at 2710 3rd Street South, in Jacksonville Beach, Florida 32250.

4.       During all times material hereto, Defendant was and a resident of the Middle District of Florida and was owner and operator of the corporate Defendant within Duval County, Florida.

5.       During all times material hereto, Defendant was over the age of 18 years, and was vested with ultimate control and decision-making authority over the hiring, firing, and pay practices for Defendant, AFA, during the relevant time period.

6.       Defendant, AFA was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

7.       All acts and omissions giving rise to this dispute took place within Duval County, Florida.

8.       Defendant, AFA, is headquartered and regularly transacts business in Duval County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

9.       Venue is proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

10.      Defendant, AFA, operates a medical facility that has existed in Duval County, Florida, since 1986.

11.      According to its own website, Defendant, AFA, holds itself out to the community as follows:

> Dr. George S. Tellam has provided foot and ankle care in north Florida and southern Georgia since 1986… You will find our team friendly, accommodating, professional and most importantly looking forward to treating or eliminating your toe, foot, ankle or heel pain or injuries.

*See* *http://www.jaxfeet.com* (last visited April 20, 2022).

12.     Defendant, AFA, also advertises itself to the Florida community as a provider of healthcare services specializing in restorative and surgical care of the foot and ankle.

13.     Defendant, AFA, employee individuals to provide treatment options for patients in need of foot and ankle care.

14.     Some of the services offered by Defendant, AFA, through its employees, are regenerative medicine, stem cell recruitment therapy, digital x ray systems, sophisticated and precise advanced orthotic treatment, diagnostic ultrasound, EPAT (extracorporeal pulse activation technology) treatments, ACP (platelet rich plasma) injections, healthcare services, as well as a host of traditional pain relief treatments and surgical options for injured individuals or individuals in pain.

15.     These activities constitute healthcare services under the Fair Labor Standards Act ("FLSA").

16.     Defendant, AFA, is covered under the FLSA through enterprise coverage, as AFA was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, AFA was engaged in operating an institution that provided healthcare services and care for individuals injured and in pain, including, but not limited to: regenerative medicine, stem cell recruitment therapy, digital x ray systems, sophisticated and precise advanced orthotic treatment, diagnostic ultrasound, EPAT (extracorporeal pulse activation technology) treatments,

and ACP (platelet rich plasma) injections.  Accordingly, Defendant, AFA, was engaged in interstate commerce pursuant to 29 U.S.C. § 203(s)(1)(B).

17.     Furthermore, Defendant, AFA, was also engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant, AFA's business and Plaintiff's work for AFA affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

18.     During her employment with Defendant, AFA, Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: office supplies and equipment, computers, cleaning supplies, food items, cleaning equipment, linen materials, trash bags, hygiene products, and mobility equipment.

19.     Defendant, AFA, also regularly employed two (2) or more employees for the relevant time period, who handled goods or materials similar to those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant, AFA's business an enterprise covered by the FLSA.

20.     Furthermore, during all times pertinent to her employment, Plaintiff regularly and recurrently was engaged in using the United States mail service to regularly send and receive Defendants' mail across state lines.  Plaintiff also used the United States mail service to regularly send and receive invoices and payment for such invoices across state lines.

21.     Upon information and belief, Defendant, AFA, grossed or did business in excess of $500,000.00 during the years of 2019, 2020, and 2021, and is expected to do business in excess of $500,000.00 in 2022.

22.     Plaintiff worked for Defendant, AFA, from 2012 until February 2022.

23.     Defendant was vested with the authority to hire, and in fact, did hire Plaintiff to work for AFA.

24.     During all material times hereto, Plaintiff, was a non-exempt, hourly employee of Defendant, AFA, within the meaning of the FLSA.

25.     Plaintiff began working for AFA in August 2012 as a non-exempt hourly paid office assistant.

26.     In August 2021 Plaintiff became an officer manager/billing manager for AFA but was still paid an hourly wage and was therefore still employed in a non-exempt position.

27.     Plaintiff's regular hourly rate during the relevant time period was between $26.25 an hour to $30.00 an hour.

28.     From 2019 through February 2022, Plaintiff worked an average of at least fifty (50) hours per week.

29.     During this time period, Dr. George Tellam (hereinafter "Dr. Tellam") was President of Defendant, AFA, and controlled Plaintiff's work schedule, the company's payroll practices, and was vested with ultimate hiring and firing decisions for Defendant, AFA.

30.     After hiring Plaintiff as a non-exempt employee, Dr. Tellam regularly supervised Plaintiff while she was performing work for Defendant, AFA.

31.     Throughout the course of Plaintiff's employment, Dr. Tellam on behalf of Defendant, AFA, maintained control over the way in which Plaintiff offered her services and performed her job duties, and provided instruction to Plaintiff.

32.     Defendant, AFA, paid Plaintiff at a rate of between $26.25 per hour and $30.00 per hour for all hours that Plaintiff worked during this time period.

33.     Defendant, AFA, failed to compensate Plaintiff at a rate of 1.5 times her regular hourly rate, for any hours worked over forty (40), as required under the FLSA.

34.     Instead, Defendant paid Plaintiff straight time for all hours worked in a given workweek, which constitutes an express violation of the FLSA.

35.     Dr. Tellam was the owner and President of Defendant, AFA, during all times pertinent to this lawsuit, and had final decision-making authority for Defendant, AFA, on issues of employment, termination, and payroll practices.

36.     Defendant, AFA, knew that Plaintiff was working in excess of forty (40) hours per week, scheduled Plaintiff to work well over forty (40) hours per week, refused to pay Plaintiff the proper overtime rate of one-and-a-half times the regular hourly rate, incorrectly misled Plaintiff about overtime requirements, and approved the unlawful treatment of Plaintiff during all material times of Plaintiff's employment.

37.     Defendant was either recklessly indifferent as to the overtime requirements under federal law, or, in the alternative, *intentionally misled* Plaintiff so that the Defendant could avoid having to pay Plaintiff her lawful (and hard-earned) wages.

38.     As a direct result of Defendant's intentional and/or willful violation of the FLSA, Plaintiff has suffered (and continues to suffer) a significant amount of damages and has had to retain the services of the undersigned counsel to exercise her rights, and is therefore entitled to full recovery of her reasonable attorney's fees and costs incurred.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207

39.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 38, as though set forth fully herein.

40.     During all times pertinent to Plaintiff's employment, Defendant, AFA, treated Plaintiff as a non-exempt, hourly employee under the FLSA, and was on notice of the hours actually worked by Plaintiff.

41.     Plaintiff was required to report directly to Dr. Tellam, who, as owner of the company, ran the day-to-day operations of Defendant, AFA, and made the day-to-day business decisions for Defendant, AFA, including hiring, firing, payroll, and scheduling decisions.

42.     Plaintiff was also regularly assigned tasks by Dr. Tellam which demonstrates that Defendant, AFA, maintained control and supervision over Plaintiff's day-to-day activities.

43.     Defendant was therefore Plaintiff's FLSA employer during all times pertinent to Plaintiff's employment with Defendant, AFA, and is liable under the FLSA for any wage law violations committed.

44.     During one or more workweeks of her employment with Defendant, AFA, Plaintiff worked an average of *at least* fifty (50) hours per week, but Defendant failed to compensate Plaintiff appropriate overtime wages at time-and-a-half her regular hourly rate for hours she worked in excess of forty (40) each week.

45.     During the relevant time period, Plaintiff was paid straight time of her regular hourly rate per hour for any hours over the forty (40) hours she worked each week.

46.     Accordingly, Plaintiff is entitled to recover a half-time rate for every hour she worked over forty (40) per week, at a rate of half her regular hourly rate for that time period.

47.     During all times pertinent hereto, Plaintiff worked an average of at least fifty (50) hours per week, and is therefore entitled to recover overtime wages for at least ten (10) hours per week over the span of her of employment.

48.     Defendant knew (or should have known) the number of hours Plaintiff was working, and Defendant's failure, through today's date, to pay amounts owed pursuant to the Fair Labor Standards Act, is willful and intentional.

49.     Defendant knew (or should have known) of the overtime requirements of the FLSA and either intentionally avoided or recklessly failed to investigate proper payroll practices as they relate to the law.

50.     Accordingly, Plaintiff is entitled to, and specifically requests, liquidated damages in an amount equal to double the unpaid half time rate that is due and owing.

51.     Plaintiff is further entitled to all reasonable attorney's fees and litigation costs from the Defendant pursuant to the FLSA as cited above, with all amounts set forth hereinabove to be proven at trial, in a trial by jury, and for entry of judgment for such other amounts as this Court deems just and equitable.

WHEREFORE, Plaintiff, NICHOLE THOMAS, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, GEORGE S. TELLAM D.P.M. d/b/a ANKLE & FOOT ASSOCIATES, and award Plaintiff: (a) double unpaid overtime wages as provided by the Fair Labor Standards Act to be paid by the Defendant, GEORGE S. TELLAM D.P.M. d/b/a ANKLE & FOOT ASSOCIATES; (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, NICHOLE THOMAS, hereby requests and demands a trial by jury on all appropriate claims.

**Dated: April 21, 2022**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS –
JORDAN RICHARDS PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
(954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
DAVID M. NUDEL, ESQUIRE
Florida Bar No. 1003678
*jordan@jordanrichardspllc.com*
*david@usaemploymentlawyers.com*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was sent filed via CM/ECF on this 21st day of April, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

### SERVICE LIST: