UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:22-cv-00453

NICHOLE THOMAS,

    Plaintiff,

v.

GEORGE S. TELLAM D.P.M. d/b/a
ANKLE & FOOT ASSOCIATES,

    Defendant.

_____/

**JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT
AGREEMENT AND FOR ORDER OF DISMISSAL WITH PREJUDICE**

Plaintiff, NICHOLE THOMAS ("Plaintiff"), and Defendant, GEORGE S. TELLAM D.P.M. d/b/a ANKLE & FOOT ASSOCIATES ("Defendant"), (Plaintiff and Defendant are together referred to as the "Parties"), by and through their undersigned counsel, hereby move that the Court : (1) approve the terms of the Settlement Agreement entered into by the Parties following arms-length settlement negotiations; (2) dismiss this case with prejudice and directing the entry of final judgment; and (3) grant such further relief as the Court deems just and proper. In support of this motion, the Parties state as follows:

## I.     FACTUAL BACKGROUND

On April 21, 2022, Plaintiff, Nichole Thomas ("Thomas"), filed a single-count complaint ("Complaint") against Defendant, alleging overtime wage violations under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). *D.E. 1.* In her Complaint, Thomas alleged that Defendant required her to work an average of at least fifty (50) hours per week, but Defendant failed to compensate Thomas appropriate overtime wages at time-and-a-half her regular hourly rate for hours she worked in excess of forty (40) each week. *Id.* Thomas further alleges that she was paid straight time of her regularly hourly rate per hour for any hours over forty (40) she worked each week and is entitled to recover a half-time rate for every hour she worked over fort (40) per week. *Id*.

Defendant Tellam filed its Answer and Affirmative Defenses on May 16, 2022. *D.E. 8.* Following the filing of Defendant's Answer and Affirmative Defenses, counsel for Defendant provided Counsel for Plaintiff with documents and information, which included time records, and the Parties engaged in settlement negotiations.

On June 1, 2022, after extensive settlement negotiations, the Parties reached an agreement to pay Thomas an amount of $9,850.85, which represents compensation for Thomas' alleged unpaid overtimes wages, plus an equal amount of liquidated damages. The Parties also separately negotiated and reached an agreement to pay Thomas $7,383.15 in attorneys' fees and costs.

This matter involves a bona fide dispute as to whether and to what extent Thomas is entitled to damages. The Parties note that the terms of the Agreement were reached following negotiation by experienced counsel. Moreover, Plaintiff's counsel reviewed voluminous documents voluntarily exchanged from Defendant, and Thomas will receive at least 80% of Thomas' alleged overtime compensation *and* liquidated damages she currently claims to be owed. The settlement terms reflect the recognition of the risk and costs of litigation by Parties with counsel experienced in such matters. In order to avoid these risks and costs, the Parties agree that resolving this litigation in accordance with the Agreement is fair and reasonable. The Parties therefore request this Court to approve the Settlement Agreement and enter an Order dismissing the case with prejudice.

## II.   MEMORANDUM OF LAW

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for"). There are only two ways in which back wages claims arising under the FLSA can be settled or compromised by

employees. *See, e.g.,* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982).

In the Eleventh Circuit, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or approved by the district court. *Id.* When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *See, e.g.,* Shearer v. Estep Const., Inc., 2015 WL 2402450 at *2 (M.D. Fla. May 20, 2015) (Mendoza, J.) *quoting* Lynn's Food Stores, Inc., 679 F.2d at 1353-55 (Court should determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute"); Dalton v. Physicians Stat Lab, Inc., 2019 WL 1093438 at *2 (M.D. Fla. Feb. 6, 2019) (Conway, J.) (adopting report and recommendation to approve FLSA settlement agreement when Plaintiff recovered half of damages claimed in Answer to Court's Interrogatories and finding fees were fair and reasonable when they were negotiated without regard to amount Plaintiff agreed to accept in the settlement); Parsel v. Orgullo Latino LLC, 2019 WL 2365976 at *1 (M.D. Fla. June 4, 2019) (Dalton, J.) (adopting Magistrate Judge Hoffman's report and recommendation to approve FLSA Settlement Agreement when Plaintiff did not receive all damages he was seeking and finding that attorneys' fees were fair and reasonable when they were negotiated separate from consideration Plaintiff was receiving); Dell Valle v.

Digital Risk, LLC, 2014 WL 5038617, at *1 (M.D. Fla. Sept. 29, 2014) (Presnell, J.) (adopting Magistrate Judge Kelly's Report and Recommendation for approval of FLSA Joint Settlement Agreement where attorneys received $10,000 out of a total settlement of $20,000); Jenkins v. Associated P'ship, Ltd., Inc., 2010 WL 375936 (M.D. Fla. Jan 25, 2010) (Presnell J.) (adopting report and recommendation for approval of settlement agreement and for dismissal with prejudice in an FLSA matter where Plaintiff's attorney received $20,000 in fees and costs, and Plaintiff received $10,000 for unpaid wages and liquidated damages); *see also* Torres v. CubeSmart Management, LLC, 2021 WL 3134377, at *1 (M.D. Fla. June 14, 2021) (Judge Corrigan adopting report and recommendation to approve FLSA settlement in which Plaintiffs received $22,500.00 in wages and liquidated damages and counsel received $25,500.00 in attorneys' fees and costs.).  If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, such as FLSA coverage or computation of back wages, the district court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation.  *See* Lynn's Food Stores, Inc., 679 F.2d at 1353; *see also Watson v. Brinker Florida, Inc.*, 2021 WL 8201476, at *2 (M.D. Fla. Dec. 30, 2021) (Lambert, M.J.); *see also* Roman v. FSC Clearwater,

LLC, No: 6:16-cv-969, 2017 WL 1653571 (M.D. Fla. Apr. 21, 2017) ("[t]here is a strong presumption in favor of settlement.")

In deciding whether an FLSA resolution is fair and reasonable under *Lynn's Foods*, Florida district courts consider the following nonexclusive factors: (i) the existence of fraud or collusion behind the settlement; (ii) the complexity, expense, and expected duration of the litigation; (iii) the state of the proceedings and amount of discovery completed; (iv) the probability of plaintiff's success; (v) the range of possible recovery; and (vi) the opinions of counsel. *See, e.g.*, Roman v. FSC Clearwater, LLC, No: 6:16-cv-969, 2017 WL 1653571, at *1-2 (M.D. Fla. Apr. 21, 2017), *report and recommendation adopted by*, 2017 WL 1552304 (M.D. Fla. May 1, 2017). When an FLSA settlement "reflects a reasonable compromise of the FLSA claims that are actually in dispute," the court may approve the settlement. *Id.* at *2. In reviewing FLSA settlements, courts recognize that "[t]here is a strong presumption in favor of settlement." *Id.; see also* Watson, 2021 WL 8201476, at *2 (Magistrate Judge Lambert explaining that "[a] court should presume that a settlement is fair and reasonable") *citing* Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir 1977); *see also* DeGraff v. SMA Behavioral Health Services, Inc., 945, F.Supp.2d 1324, 1328 (M.D. Fla. 2013) (Judge Corrigan dismissing FLSA claims

when counsel represented that they investigated the claims, exchanged information and there existed various disputed issues).

In addition to the foregoing factors, the Court "must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement 'to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" Singh v. PetersenDean Roofing and Solar Sys., Inc., No. 6:17-cv-1110, 2018 WL 3235572, at *2 (M.D. Fla. June 6, 2018) (Irick, M.J.), *report and recommendation adopted as modified*, 2018 WL 3219410 (M.D. Fla. July 2, 2018) (quoting Silva v. Miller, 307 F. App'x 349, 351-52 (11th Cir. 2009)). The parties may demonstrate the reasonableness of the attorney fees by "representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim." *Id.* (citing Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)). Indeed, "[i]f the parties negotiated attorney's fees separately from the damages to be awarded to the plaintiff, which protects from 'conflict … taint[ing] the settlement,' then the court need not undertake a lodestar review of the attorney's fees for reasonableness. *Watson*, 2021 WL 8201476, at *2 (*quoting* Bonetti, 715 F. Supp. 2d at 1228).

## III.  ARGUMENT

The terms of the Parties' Settlement Agreement, which is attached hereto as **Exhibit 1**, plainly comply with these requirements.  Here, the Parties voluntarily exchanging and reviewing voluminous time and payroll records and Plaintiff's Counsel has calculated that she will be receiving approximately 80% of overtime wages and liquidated damages she could prove she is owed on her best day in court.

The Parties respectfully submit that the terms set forth within the settlement agreement entered into between the parties was a "fair and reasonable resolution" of Thomas' FLSA claims.  This case involves contested issues of liability and the amount of overtime damages, if any. Indeed, Defendant contends that it paid Thomas properly and that Thomas is not owed any overtime wages whatsoever. If Thomas had proceeded to trial, a jury could have determined that she was not entitled to the recovery she sought, in which case she would recover nothing.

Plaintiff's counsel and Defendant's counsel are experienced in wage and hour litigation, and recognize settlement will prevent expensive, protracted, and uncertain litigation in this highly disputed case.  The Parties also note that the negotiations were at arm's length, and there has been no fraud or collusion in the settlement of this case.  Finally, the Parties agree that the amount for attorneys' fees and costs that Defendant will pay to Thomas is reasonable and was agreed upon without regard to the amounts paid to Thomas. In addition, because Thomas is

receiving at least 80% of the unpaid wages *and* liquidated damages she claims to be owed (which she could only recover on her best day in court), the Parties posit that the settlement reached is fair and reasonable in light of the circumstances. The Parties therefore respectfully submit that their settlement should be approved and that the case should be dismissed with prejudice.

### IV.	CONCLUSION

WHEREFORE, in light of the contested issues presented in this case and the potentially protracted and expensive litigation that lies ahead, the settlement terms represent a fair and reasonable resolution of this matter. Accordingly, the Parties respectfully request that the Court enter an order: (1) approving the terms of the Settlement Agreement; (2) dismissing this action with prejudice and directing the entry of final judgment; and (3) granting such further relief as the Court deems just and proper.

Date:  June 20, 2022

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC**<br>*Counsel for Plaintiff*<br>1800 S.E. 10th Ave, Suite 205<br>Fort Lauderdale, Florida 33316<br>Tel: (954) 871-0050<br><br>By:*/s/ David M. Nudel*<br>**DAVID M. NUDEL, ESQ.**<br>Fla. Bar No. 1003678<br>**JORDAN RICHARDS, ESQ.** | **CANAN LAW FIRM**<br>*Counsel for Defendant*<br>**1030 N. POUNCE DE LEON BLVD.**<br>**ST. AUGUSTINE, FL 32084**<br>Tel: 904-824-9402<br><br>By:*/s/ Daniel K. Hilbert*<br>**DANIEL K. HILBERT, ESQ.**<br>Fla. Bar No. 0044167<br>civil@cananlaw.com |

Fla. Bar No. 108372
jordan@jordanrichardspllc.com
david@usaemploymentlawyers.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was served by means of the Court's electronic filing system and emailed to Counsel for Defendant on June 20, 2022.

> By: */s/ David M. Nudel*
> DAVID M. NUDEL, ESQUIRE
> Florida Bar No. 1003678

## SERVICE LIST:

**DANIEL K. HILBERT, ESQUIRE**
**CANAN LAW FIRM**
**1030 N. POUNCE DE LEON BLVD.**
**ST. AUGUSTINE, FL 32084**
**904-824-9402**
civil@cananlaw.com
**Attorneys for Defendant**