# SETTLEMENT AGREEMENT

1. This Settlement Agreement ("Agreement") is entered into this 10 day of June, 2022, by and between Nichole Thomas (the "Employee") and George S. Tellam D.P.M. d/b/a Ankle & Foot Associates ("Tellam"), on its own behalf and on behalf of its past and present parents, subsidiaries and affiliates, and their respective past and present predecessors, successors, assigns, representatives, officers, directors, agents and employees.

2. Non-Admission. This Agreement does not constitute an admission by Tellam of any violation of any law or statute and the parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

3. Statement of Pending Claims. On April 21, 2022, the Employee filed Nichole Thomas v. George S. Tellam D.P.M. d/b/a Ankle & Foot Associates, Case No. 3:22-cv-00453-TJC-MCR (the "Lawsuit"), in the United States District Court for the Middle District of Florida (the "Court"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* (the "Complaint"). Employee represents that no other charges, actions or claims are pending on Employee's behalf against Tellam or any of the other Released Entities, as that term is defined in Paragraph 6 below.

4. Payment to Employee. In consideration for signing this Settlement Agreement and the fulfillment of the promises herein, Tellam agrees to pay the Employee, a total sum of SEVENTEEN THOUSAND TWO HUNDRED THIRTY-FOUR DOLLARS AND 00/100 CENTS ($17,234.00). This payment is inclusive of all claims for attorneys' fees and expenses. The payment shall be made in the following disbursements within fifteen (15) business days after the later of: (1) a final order entered by the Court approving this Agreement; and (2) receipt of an executed IRS Form W-9 by Employee's attorney(s).

(a) Payment to Employee for Claims for Overtime Wages. Tellam agrees to pay the Employee, as payment for overtime wages, the sum of FOUR THOUSAND NINE HUNDRED TWENTY-FIVE DOLLARS AND 43/100 CENTS ($4,925.43), less all applicable withholding taxes and payroll deductions, for which a Form W-2 shall issue. Tellam agrees to pay the Employee the sum of FOUR THOUSAND NINE HUNDRED TWENTY-FIVE DOLLARS AND 42/100 CENTS ($4,925.42), as payment for liquidated damages, for which a Form 1099 shall issue.

Employee agrees that these amounts constitute full and complete satisfaction of the unpaid wages Employee alleges are owed to her in the Complaint, plus an equal amount in liquidated damages.

(b) Payment to Employee made payable to Employee's Attorneys. Tellam agrees to pay Employee reasonable attorneys' fees and costs in an amount of SEVEN THOUSAND THREE HUNDRED EIGHTY-THREE DOLLARS AND 15/100 CENTS ($7,383.15) in a check made payable to Employee's attorney, Jordan Richards, PLLC ("Agreed-Upon Attorneys' Fees and Costs"). The Parties agree to jointly move for approval of this Settlement Agreement, including the Agreed-Upon Attorneys' Fees and Costs. In the event the Court approves an amount of attorneys' fees or costs less than the

Agreed-Upon Attorneys' Fees and Costs, any such reduction shall not affect the remaining terms of the settlement, all of which will remain fully enforceable, and will not be a basis for Employee to withdraw from the settlement.

The appropriate IRS form(s) shall be issued reflecting the payment(s).

5. Dismissal of Claims With Prejudice. The payments in Paragraph 4 are subject to, and expressly conditioned upon, Court approval of the terms of this Agreement and entry of a final order dismissing Employee's claims in the Lawsuit with prejudice. Prior to receipt of the payment specified in Paragraph 4, the Employee shall take any and all actions necessary to obtain Court approval of the terms of this Agreement including, but not limited to, filing with Tellam (or with Tellam's consent) an agreed-upon motion seeking approval of the settlement. The Employee also agrees to withdraw any other claims, charges, or complaints that the Employee has initiated or that others have initiated on the Employee's behalf against Tellam or any of the other Released Entities, as that term is defined in Paragraph 6 below, in any forum, relating to the claims alleged in the Complaint.

6. Settlement of Claims. In exchange for the payments in Paragraph 4, the Employee, on behalf of Employee, Employee's descendants, dependents, heirs, executors, administrators, assigns, and successors, fully, finally and forever releases and discharges Tellam, its past and present parents, subsidiaries and affiliates, and their respective past and present predecessors, successors, assigns, representatives, officers, directors, agents and employees (collectively referred to as "Released Entities"), from any and all claims and rights of any kind that Employee may have based upon the allegations in the Complaint under the FLSA or any other federal, state, or local law, including common law. The payment that is provided to the Employee in Paragraph 4 shall be the sole relief (i.e. monetary payment or other remedy) provided to the Employee from Tellam, or from any of the other Released Entities, for the claims that are released by the Employee in this Agreement.

7. Payment of Applicable Taxes. The Employee is and shall be solely responsible for all federal, state and local taxes that may be owed by Employee by virtue of the receipt of any portion of the monetary payment provided under this Agreement. The Employee agrees to indemnify and hold Tellam harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to the Employee under this Agreement.

8. Transfer of Claims. The Employee represents and warrants that Employee has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. The Employee agrees to indemnify and hold Tellam harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. Employee further warrants that there is nothing that would prohibit Employee from entering into this Agreement.

9. Employee is Not Prevailing Party. The Employee shall not be considered a prevailing party for any purpose.

10. Entire Agreement. This Agreement contains the entire agreement and understanding between the Employee and Tellam with respect to any and all disputes or claims that the Employee has, or could have had, against Tellam as of the date this Agreement is executed, and supersedes all other agreements between the Employee and Tellam with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by both the Employee and Tellam.

11. Severability. The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into a full and general Release by Employee that is not invalid.

12. Employee's Acknowledgement. The Employee acknowledges that no representation, promise or inducement has been made other than as set forth in this Agreement, and that the Employee enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. The Employee further acknowledges and represents that Employee assumes the risk for any mistake of fact now known or unknown, and that Employee understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. The Employee also acknowledges: (a) that Employee has consulted with or has had the opportunity to consult with an attorney of Employee's choosing concerning this Agreement and has been advised to do so by Tellam; and (b) that Employee has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on Employee's own judgment and/or the Employee's Attorney's advice. The Employee acknowledges that Employee has been given a reasonable time to consider the terms of this Agreement. The Employee acknowledges that Employee is getting more consideration under this Agreement than Employee is otherwise entitled. Employee acknowledges that the proceeds of this Agreement shall not be cause for the recomputation of any of Employee's individual benefits that may have been provided by Tellam, including but not limited to, retirement benefits. Employee further understands and acknowledges that Employee is only releasing claims in Paragraph 6 of the Agreement that arose prior to the execution of this Agreement.

13. Medicare Benefits Acknowledgement. Employee affirms that Employee is not, and has never been, a recipient of Medicare benefits. Employee further affirms that Employee has not sought medical treatment or incurred medical costs (either on behalf of Employee or through Medicare) as a result of the claims asserted in this lawsuit.

14. Headings. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

15. Choice of Law. This Settlement Agreement is to be interpreted pursuant to the laws of Florida, except where the application of federal law applies.

**[SIGNATURE PAGE TO FOLLOW]**

NICHOLE THOMAS

Nichole Thomas (Jun 10, 2022 18:33 EDT)

Date: Jun 10, 2022

GEORGE S. TELLAM d/b/a ANKLE & FOOT ASSOCIATES

By: DocuSigned by: 1A4015AB2A87476...

Title: Owner

Date: 6/17/2022