UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NICHOLE THOMAS,

    Plaintiff,

v.                                                CASE NO. 3:22-cv-453-MCR

GEORGE S. TELLAM, D.P.M. d/b/a
ANKLE & FOOT ASSOCIATES,

    Defendant.
_____/

**ORDER**[1]

**THIS CAUSE** is before the Court on the Joint Motion for Court Approval of Settlement Agreement and for Order of Dismissal with Prejudice ("Motion") (Doc. 17). The Court has reviewed the filings in this case and finds that there is no need for a hearing. For the reasons discussed herein, the Motion is **GRANTED**, the Settlement Agreement is **APPROVED**, and the case is **DISMISSED with prejudice**.

**I.    Background**

On April 21, 2022, Plaintiff brought this case pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, seeking to recover unpaid overtime compensation, liquidated damages, and reasonable

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 15.)

attorneys' fees and costs for Defendant's alleged failure to compensate her for all overtime hours worked during her employment with Defendant from 2012 until February 2022. (Doc. 1.) On May 16, 2022, Defendant filed an Answer and Affirmative Defenses denying liability. (Doc. 8.) On June 1, 2022, the parties filed a Notice of Settlement (Doc. 12), and, on June 20, 2022, they filed the present Motion (Doc. 17), seeking Court approval of their Settlement Agreement and dismissal of this action with prejudice.

## II.   Standard

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . .  The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the

contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).

In *Bonetti v. Embarq Management Company*, the district court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

3

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).  Other courts in this district have indicated that when attorney's fees are negotiated separately from the payment to plaintiff(s), "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents."  *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007); *McGinnis v. Taylor Morrison, Inc.*, 3:09-cv-1204-J-32MCR (M.D. Fla. Jan. 23, 2010).

### III.   Analysis

The Settlement Agreement attached to the present Motion provides that Plaintiff will receive $4,925.43 for overtime wages and $4,925.42 for liquidated damages, and that Plaintiff's counsel will receive $7,383.15 for attorney's fees and costs.  (Doc. 17-1.)  The parties represent that the claims are disputed as to Plaintiff's entitlement to overtime compensation and the amount thereof, and that the Settlement Agreement constitutes a fair and reasonable compromise of the disputed claims, because Plaintiff will receive approximately 80% of her alleged overtime wages and liquidated damages.  (Doc. 17 at 3, 8.)

The undersigned has reviewed the Settlement Agreement and finds that it represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA.  *Lynn's Food*, 679 F.2d at 1355.  Plaintiff's recovery appears reasonable given the disputes in this case.  Moreover,

Plaintiff is represented by counsel. Thus, the undersigned finds that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* at 1354.

Further, the parties represent that the attorney's fees and costs were negotiated separately from Plaintiff's recovery and the amount sought is reasonable. (Doc. 17 at 2, 8.) Regarding fees and costs, the ultimate issues pursuant to *Silva*, are "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." 307 F. App'x at 351. Moreover, the Court need not conduct an in-depth analysis of the reasonableness of the attorney's fees and costs if the proposed settlement appears reasonable on its face and there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of attorney's fees and costs to be paid to counsel.

The undersigned has already concluded that the settlement appears reasonable. In addition, there is no reason to believe that Plaintiff's recovery was affected by the agreed-upon attorney's fees and costs. Thus, no conflict of interest taints the amount to be recovered by Plaintiff. Further, it appears that counsel is being adequately compensated. Thus, both aspects of the *Silva* attorney fee inquiry are satisfied.

Accordingly, it is **ORDERED**:

5

1. The Motion (**Doc. 17**) is **GRANTED**.

2. The Settlement Agreement is **APPROVED**.

3. The case is **DISMISSED WITH PREJUDICE**.

4. The proposed order (**Doc. 17-2**) attached to the Motion is **STRICKEN** pursuant to Local Rule 3.01(f) and Section IV.A.4. of the Administrative Procedures for Electronic Filing in Civil and Criminal Cases, United States District Court, Middle District of Florida.

**DONE AND ORDERED** at Jacksonville, Florida, on July 18, 2022.

*[signature]*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record